Good morning. Good morning. It pleases the Court. My name is Brian Hatch, and I represent the appellant, Barry Jordan. This case is essentially about a home in Scottsdale, Arizona. Mr. Jordan purchased that home in 1999, did so titling it in the name of the East Maricopa Holding Trust. That trust itself has a trustee, like all trusts. Mr. Hatch. I guess he was compelled early. Let me ask you, the only basis upon which you're appealing is that the receiver here, Warfield, does not have standing, or did not have standing, in SEC v. Holt to do what he did, which was to grab the assets of American Trust, which included the 84th Street property, and sell them. Is that what you're talking about? I suppose I would answer the question with a no, although the... What other issue on appeal do you signal with sufficient clarity to impose our workload? Standing is not the only issue, Your Honor. You asked if it was the only standing. The other issue is whether or not the home itself was a receivership asset, and I realize that they're closely related. Well, they're not closely related. One thing is for the receiver to have standing in the lawsuit. Of course, he has standing because he's ordered by the court to do exactly what he did. The other thing is whether you properly have preserved an issue in SEC v. Holt, and I don't think you have as to the ownership of the building. You are suing the receiver. Receiver was acting pursuant to a court order. This is an independent action. It is not an appeal from the court order saying Petition 24 is granted and you can sell the 84th Street property. You see my point? I have a great deal of difficulty. I think you're in the wrong court and suing the wrong person. I actually don't see the point, Your Honor. I'm sorry. The court indeed, the district court did indeed enter an order. In SEC v. Hatch? In SEC v. Hatch. That is not this case? No, but the petitioner, the appellant in this case, is substantially aggrieved. Well, it's also somewhat odd that you're listed as the appellant. He's not. Yes, I don't know what that is. I believe that's a clerical error. It couldn't be otherwise. Why would Jordan have the standing to appeal? Not a party. Well, in a receivership action, as the court knows, there are always ancillary parties. And obviously the rules about... He didn't move to intervene? No, but he was brought forward in front of the court and his home was sold. He was ordered out of his home. And so...  Not a relief defendant, Your Honor. Wasn't he? He was not. No, relief defendants were all related to the bad guy, the primary defendant. And this was simply, as in most receivership actions, there are parties on that road. Why didn't he appear in the receivership proceeding and appeal from the order granting Petition 24? Correct. Why didn't he do that? Why did he do that? Because he's aggrieved by the relief granted in Petition 24. So he should have been in SEC v. Holt and saying, my property had nothing to do with the bad guy's assets. Correct. And that's exactly what we've done. No, you're not. But you're doing it in a separate proceeding. Yeah. Not in the proceeding that ordered the sale of the home. Well, we've appealed from the order that ordered the sale of the home. No, you haven't. You have filed an independent action against the receiver saying the receiver acted without right. But you haven't appealed the order in SEC v. Holt, unless I'm very mistaken. Well, I don't know what else could have been done in this case. You could have filed an appeal from the order granting Petition 24 in SEC v. Holt as an agreed party. And I believe that's what we did, Your Honor. Not in this case. Well, I don't know how it was calendared or why it is different, but the notice of appeal is precisely that, from the order and from the later order denying our motion for a new trial and to alter or amend. So that's what the notice of appeal is. I don't know if it's been docketed differently than that. Notice of appeal, from the order of the district court, entered in this action on August 13, denying respondents' motion for a new trial and or to alter or amend a judgment, and from the order regarding Petition No. 24, signed on February 6, 2007, entered in this action on February 8, 2007, correctly captioned SEC v. Holt, and so forth. Okay, go ahead. So the actions of the receiver, as we alluded to just a little earlier, our argument is based mostly on a lack of standing, and that is what interest of the receiver and the receivership estate is served by the action taken here. Well, there does seem to be a back story here. You know, we're always looking for what people want to tell us and what they don't want to tell us. But there's facts in terms of that, you know, albeit that your client, you know, he seems to have put some money into this property, he was living in the property. But we also know that your client wasn't paying his child support. We also know that your client has a judgment for $13 million against him, and it looks like that there's sort of an elaborate scheme of setting things up in terms of so that they can't, you know, reach his assets in terms of judgments that are against him, and so he doesn't have his name appear on anything. And then his sons are the beneficiaries at the end, but then he doesn't seem to want his sons to get the property. Even though he owes them money, he wants to get access to it. So there does seem to be a back story, and he seems to have his fingerprints all over everything, but in terms of putting them in other names so that they can't be reached. All potentially true, Your Honor, although you made an interesting point at the beginning of that, which is they can't get at it. Well, who is they? Well, they would be a creditor of Mr. Jordan's, his wife, for a child support award. They, I don't think the boys are creditors, but be that as it may. Well, they certainly seem to be beneficiaries at the end of something there. I think we've all made elaborate charts on who's where and when. Yes, so have I. I understand that. But when you talk about they, that's what's significant and important about the argument on standing. Who benefits? Not the receivership estate. What in the world is a federal district judge doing, breaching through a series of trusts and granting a creditor of Mr. Jordan's an award and granting the distribution under a trust that he created to his sons? On what authority? What authority does a receiver in an SEC matter have to perform these kind of activities? This does not benefit the receivership estate. It benefits creditors of Mr. Jordan. That's part and parcel of standing for a receiver. A receiver merely does not step into the shoes of that entity and do whatever that entity could do in a situation where that entity is a trustee. Do you want to reserve two minutes so you can respond to why they say who they is and why they get to do it? Sure. That's an excellent point, Your Honor. I believe I have slightly under two minutes. I will reserve the remainder of my time. Okay. Thank you. May it please the Court, my name is Patrick Murphy, and I represent Lawrence Warfield, the receiver. Good morning. Appointed by the district court. I really don't think the proper characterization of the issue about what the receiver did here is one of standing. The receiver was appointed as the receiver of American Assets Limited Trusts, and the receiver of all the assets, wherever situated of whatever kind. That's the language of the receivership order. And when the receiver takes that order, he knows nothing about the parties or the assets or the flow of money or anything else. And the receiver was appointed by? Judge Rosenblatt in the district court. The district court. And so then the receiver went to the person that appointed him and said, can I sell this property? That's correct, Your Honor, and that was Petition 24. What happened is the receiver got this asset, and there are many other assets in the name of American Assets Limited Trusts, and he attempted to find out, well, how did it come to be that they're in the name of American Assets Limited Trusts? If that's so, didn't Mr. Jordan timely raise the issue that if the receivership was for the benefit of the people who had been inveigled in the fraud, the particular asset involved, the 84th Street property, did not have any investor funds in it. It was all paid for by him, and it shouldn't be part of the receivership estate. He raised that issue, didn't he, properly? He did raise it, Your Honor. And he lost in the district court. That's correct. And then he petitioned for a new trial. That's correct. And he lost that. That's correct. And he's now on appeal. That's correct. What evidence is there in the record that any funds from the investors went into 84th Street property? None, Your Honor. Well, then, are you conceding that we should reverse? No, Your Honor, and let me tell you why. Because when a receiver is appointed, it's true that the reason a receiver is requested and appointed is to marshal all the assets of the defendants and relief defendants with the ultimate idea, at least in the SEC's mind, that to the extent those defendants are liable to defraud investors, their assets can be used to compensate the investors. But that doesn't mean the receiver doesn't have obligations to others that might turn out to be interested in some way or another in the assets. What do you mean to say that the investors in Mr. Madoff's firm could have a receiver appointed and take my house away because I hadn't paid child support? Well, only if the court, when the action commenced, entered an order saying that the receiver should be the receiver of your house. But that was an error. You're conceding it's an error that the district court made because there was no evidence at all in the record that any defrauded investor funds went into the buying of 84th Street, correct? I wouldn't agree it's an error, and this is why. Would you admit that there's absolutely no evidence upon which a finding could be made by the district court that any investor funds went into the purchase of 84th Street? You admit that? That's true. That's true. But the district court, then in light of the district court, he ordered Jordan to vacate the property and that the receiver sell it and distribute the assets to Jordan's creditors. Why shouldn't we treat the receiver's actions as a claim against Jordan and apply the Seventh Circuit's reasoning in, I don't know if you say it, Troll Strep v. Shoals? Well, Your Honor, because the receiver is ordered by the court to secure all the assets in the name of American Assets Limited Trust. The deed conveying this property is to American Assets Limited Trust. When he gets that order, he doesn't know the source of the assets. Eventually, he discovers there are no investor monies in this property. So now he has to deal with the property. Why doesn't he just say, I'm not going to touch that property? He would probably get sued by the beneficiaries for not protecting their interest. It's kind of like He has to protect the interest of anybody, but the investors have been defrauded. He's been vested with responsibility by the district court. Not once he finds out that no investor funds went into purchasing the property. Only if the court changes the order. Well, shouldn't he petition the court and say, Judge, I made a mistake. American Trust has a lot of assets for the investors, but not the 84th Street property because that belongs to friend Jordan and Jordan only. So I'm withdrawing my petition to sell. It's none of my business whether he pays his child support. He could have done that.  I disagree, Your Honor. What is he? Is he sort of a paladin for everybody who's been dealt with badly? No, but it's like it's like an FDIC being appointed as the receiver of a failed bank that has a trust department. The FDIC assumes responsibility for those trusts. He had a responsibility for this asset. Well, who does he turn it over to, Mr. Jordan? Mr. Jordan has no record interest in this property of any kind. No, but the trust did.  So who does he turn over the property to? To the trust. Who's the trust? Isn't it the Metropolitan or whatever? The AmeriCorps Beholden Trust. What? The trustee of that. Look, it's no business of the receiver. Once he finds out that there are no investor funds in the 84th Street property, all he has to do is step out of it. It goes back by law of property to who's ever on the deed. Next. Your Honor, if that's what the judge wanted us to do, that's fine. The receiver's response was to go to the court for instructions on what to do with the property. I don't think there's any problem with that. He had the authority to collect the assets. Now, I think the problem we're having is what does he do with the assets after collecting? Does he have any authority to distribute other than to the beneficiaries of the trust? I think he did. He had a responsibility. Why? I beg your pardon? Why? Why does he have? Because the court has ordered him to fill the shoes of the trustee, American Innocence Limited Trust.  And he's got the same responsibilities as that trustee would have. That's right. And the trustee has a responsibility to do what? Manage the property. All right. The court went further than that. The court found... If a trustee collects a property, then he has to follow the terms of the trust, doesn't he? Yes, Your Honor. All right. Is there anything in the terms of the trust that would pay child support or any of those other factors? No, Your Honor. But now let me just say, well, first of all, let me say there is the trust agreement does say the trustee, in this case, American Innocence Limited Trust, or the receiver, manages the trust property and can sell the trust property, which is what the court ordered him to do. Right. Now, the payment of the child support was viewed by the court and the receiver, I think, as conferring a benefit on the children. Mr. Jordan didn't object to that. Quite frankly, it was to his benefit because it eliminated a debt he had, a personal debt. Why would that be to the benefit of the children? It was for the support of those children. Yeah, but it was passed now. Well, I don't know whether money had been spent. In other words, the wife didn't apparently support them at that time. And so they were under her custody. And that was not an issue below. And if Mr. Jordan had objected to that, I'm sure everybody would have agreed that that could be eliminated. Okay. He didn't object because it was to his benefit. Warfield went to the court and said, okay, can I sell this or what? And the court said, yeah, go ahead and sell it. Now, would it have been different if Warfield had not gone to the court and asked permission to sell it? Would we be in a different situation? Would that be a different case? I don't think so. Because, I mean, here we're, I mean, I guess we either affirm the district court or, I mean, well. Or reverse. Or reverse. The receiver went and asked for instructions. And the receiver did what the court said. The receiver did what the court did. The receiver did recommend a course of action that he thought was the most appropriate because he did not see. And the court found that Mr. Jordan had no interest in any of these trusts. He had no, and he wasn't suitable to be a successor trustee given his past performance. And so the court felt it had no choice but to sell the assets and distribute it to the ultimate beneficiary. Why not just say the asset doesn't form part of the receivership assets and petition is denied? If the court had ordered that, we might have had some major protection from suit by the beneficiaries. But we've got obligations to the beneficiaries when we're sitting there as the trustee. And that's why the receiver felt he had to at least look out for the benefits of the trustee, of the beneficiaries. Did the court order be paid out of that? Wasn't it also the sellers of the house that were for the amount of money owed? Yeah. There was a secured lien on the house by the original sellers, the Richardsons. The balloon that Mr. Jordan didn't pay, right? It was in default because he hadn't paid the balloon. And obviously their interest had to be protected. There's a lot of people here besides. Whose interest? The seller who had the secured lien on the wraparound mortgage. And they had to be protected. I mean, there's a lot of people here whose interest. Now, Mr. Jordan does not have the standing, though, because he doesn't appear anywhere in the documents. I don't get this. Judge Rosenblatt was involved in a receivership proceeding for the benefit of some bilked investors. Period. Right. Now you're telling me that Judge Rosenblatt had to take care of the children of Mr. Jordan, the sellers of the property on 84th Street that had a wrapped mortgage, perhaps the American Red Cross? I mean, what possible interest did Judge Rosenblatt have in arranging the domestic relationships of Mr. Jordan under the petition of the American Trust defrauded investor case? He's really stepping out of the power invested in by the pleadings, isn't he? Your Honor, I think he could have just said, I'm washing my hands. But that's what he should have said as soon as he found out that this asset wasn't bought with investor funds. I don't think so. And I don't think he was. Why is he sticking his nose into the domestic affairs of Mr. Jordan? Because if he had just washed his hands and said, all right, this is magically no longer part of the receivership estate. Yes. The beneficiaries would have been. What concern is that of his? He's not writing all the wrongs of the world. I know, but he took. As a matter of fact, the pleadings in the case didn't weren't brought for the benefit of the beneficiaries of the trust of Mr. Jordan, were they? No, the SEC did not file the lawsuit. Mr. Jordan didn't have notice. He had no due process. Come on. The judge is just ultra vires. All right. I'm sorry. I disagree, Your Honor. I think he had a responsibility to consider the interests of various parties, as he does with all the other receivership assets. The court doesn't have any further questions. OK, go ahead. I want to get your position on whether Mr. Jordan has the standing to appeal. No, I think he doesn't, because he doesn't appear anywhere in the documents. And what he's really asserting is a personal interest. He wants to live in and enjoy the house. He claims his standing by virtue of claiming to be a trust manager of the Roger Mills Trust. But if you look at the document he cites to, which is the East Maricopa Holding Trust, the trust manager only has authority to appoint a successor trustee. His argument here wasn't based upon being a trust manager. It was, which I don't think has any merit to it. But he says because he was brought forth to court as the occupant of the house. He does have a personal interest, but it's not a legally recognizable interest. He doesn't appear anywhere in the documents. He's not the trustee. He's not the beneficiary. He's not a life beneficiary or anything else. Now you're cooking with gas. I beg your pardon? Now you're cooking with gas. Thank you. All right, I think that we can safely say that Judge Baird is not going to be quiet despite his laryngitis. So if we know nothing else, the rest of you should realize that. It's a brave show against infirmity. What legal interest did Mr. Jordan have in the 84th Street property? Was he a tenanted will? Was he a lessee? Was he an owner? Or was he a squatter or trespasser? He was a representative of the Roger Mills Trust. He was, in fact, the trust manager. What do you mean a representative? Do you mean a broker? An official interest. The East Maricopa Holding Trust held title. American Assets Limited was the trustee. The Roger Mills Trust was its beneficiary. The beneficiary was represented in person by Mr. Jordan. However you want to look at it... What do you mean represented in person? Was he a lawyer? No, no, no, no. I mean by his personal appearance at the hearing that the court conducted. Weren't there some factual findings adverse to you on that point? I don't believe so, Your Honor. I believe it was uncontroverted that Mr. Jordan was the trust manager for the Roger Mills Trust, representing the beneficial interest. Trust manager? That doesn't give him authority to do anything. It does according to the terms of the trust. The trust manager can also replace... Do we have anything that shows the authority of a trust manager? We don't. Well, the terms of the trust themselves give the authority to the trust manager. The trustee. Well, in the case of the trust that is in the excerpts of record, the trust manager doesn't in fact have those duties or have those responsibilities, and they run the trust. And so Mr. Jordan could appear on behalf of the beneficial title holder. I'm not sure I understood your answer there. Okay. All right, the trustee clearly has the authority, but how does it get from the trustee to the trust manager? I think I'm talking about the trust manager of the beneficial interest firm, which also happens to be a trust. Yes. So he can act on behalf. It was just as if he was an individual with the beneficial interest in the trust, much as, you know, a kind of... I see no authority that says a trust manager has anything other than something that was given to him by the trustee, and I see nothing in the record that gives any authority from the trustee to the trust manager. Well, I believe it's in the trust document itself, Your Honor. Can you give us a record citation? I cannot. The trust itself you maintain provides that a trust manager has the authority of a trustee? Yes. I think it's in Docket 3. I believe it's the third tab in the excerpts of the record. All right. All right. And that would conclude. You're in overtime. Thank you both for your argument. This matter will stand submitted as of this date.
judges: Hug, Callahan, Bea